UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHI LOP TSE, | ) | CASE NO. 4:04 CV 1396 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| JOHN ASHCROFT, | ) | |
| | ) | |
| Respondent. | ) | |

On July 22, 2004, pro se petitioner Chi Lop Tse filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against United States Attorney General John Ashcroft. He seeks an order from this court compelling "the [O]ffice of the Enforcement Operation, Criminal Division, International Prisoner Transfer Unit, an office within the Department of Justice (DOJ), to comply with the dictates of 18 U.S.C. § 4100 et seq. . . . , which authorizes such transfers under the relevant Treaty, to his Country of Citizenship." (Pet. at 1.) He asserts that respondent violated his rights under the Equal Protection Clause of the Constitution when it failed to approve his transfer to a prison

in Canada .

*Background*

Following an indictment in the United States District Court for the Eastern District of New York, Mr. Tse pled guilty to conspiring to import heroin into the United States, in violation of 21 U.S.C. §§ 963 and 960(b)(2)(A). United States v. Cheung, et al., No97-CR-660 (E.D. NY 1997). He was sentenced by the court to 108 months imprisonment on September 26, 2000.

In 2001, Mr. Tse applied for a transfer to his country of citizenship, Canada, pursuant to the Convention on Transfer Act, 18 U.S.C. § 4100 et seq., and 28 C.F.R. § 527.40. When his application was denied, petitioner asked the Department of Justice (DoJ) for an explanation of the reasons for denying his request. The Chief of the DoJ's International Prisoner Transfer Unit DoJ, Paula A. Wolff, responded to petitioner in a letter dated October 18, 2001. Ms. Wolff explained that the primary reasons for denying his application included the seriousness of his offense and the fact that his transfer to Canada would not be consistent with the interests of justice.

Two years after his first application was denied, Mr. Tse reapplied for transfer to a Canadian prison. In a letter dated April 14, 2001, Ms. Wolff again denied his request for transfer. She explained that Mr. Tse's application was denied because of the seriousness of his offense, his managerial role in the offense and the fact that his transfer would not be consistent with the interests of justice.

In his petition before this court, Mr. Tse asserts that the DoJ's failure to grant his transfer is a violation of his constitutional rights under the Fifth and Fourteenth Amendments to the Constitution. He claims that he has met every criteria set forth by the DoJ to qualify for transfer, but Respondent's refusal to grant his application creates "a substantial prima facie showing of an Equal Protection violation."

(Pet. at 5.) As an example he notes that his co-defendant, Wai Dai Cheung, is also a Canadian national. Mr. Cheung's sentence was enhanced 2 levels for his role in the offense. He adds that their plea agreements were also almost identical and Mr. Cheung received a sentence of 132 months. However, after serving 20 months of his sentence the DoJ granted Mr. Cheung's application for transfer to Canada under the Convention on Transfer Act. Petitioner adds that he believes other Canadians with similar sentences and adjustment have been approved for transfer back to Canada. Petitioner is currently serving his sentence in the Federal Correctional Institution in Elkton, Ohio.

### 28 U.S.C. § 2241

Mr. Tse filed the instant petition for a writ of habeas corpus alleging that he was denied a transfer to Canada in violation of the Equal Protection Clause of the United States Constitution. Because he is not contesting the sentence imposed by the court, but instead, is challenging the execution of his sentence, section 2241 is the appropriate vehicle. See 28 U.S.C. § 2241.

*Liberty Interest Protected by Due Process*

Whether Mr. Tse can assert a violation of his constitutional rights depends on whether he has a liberty interest in being transferred to Canada pursuant to the Convention on Transfer. Generally, where a decision, such as a decision to transfer a prisoner, is discretionary, it is held that no protected liberty interest exists. See Bagguley v. Bush, 953 F.2d 660, 662 (D.C. Cir. 1991), cert. denied 503 U.S. 995 (1992); Scalise v. Thornburg, 891 F.2d 640, 649 (7th Cir. 1989). That is so because the liberty interest at stake is not grounded in the Constitution, but rather would have been created by the delimiting nature of statutes or regulations. See e.g., Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Bagguley, 953 F.2d at 662;

3

Scalise, 891 F.2d at 649. A person's liberty interest, as protected by the due process clause of the Fifth Amendment, is "not confined to mere freedom from bodily restraint," but "extends to the full range of conduct which the individual is free to pursue." Bolling v. Sharpe, 347 U.S. 497, 499 (1954). Discrimination based upon national origin or race is so unjustifiable that it violates the broad liberty interest protected by the Due Process Clause of the Fifth Amendment, similar to the manner in which such discrimination violates the Equal Protection Clause of the Fourteenth Amendment. See id. at 499-500 (addressing discrimination based on race). Accordingly, the Due Process Clause of the Fifth Amendment protects Mr. Tse from a discriminatory denial of transfer based upon his national origin or race. See id.; cf. Wade v. United States, 504 U.S. 181, 185-86 (1992) (discretionary decision to depart from sentencing guidelines may not be based upon unconstitutional motives such as race or religion); Batson v. Kentucky, 476 U.S. 79, 91(1986) (peremptory challenge, historically free from judicial review, is unconstitutional when based upon race); United States v. Leung, 40 F.3d 577, 587-87 (2d Cir.1994) (sentencing unconstitutional when alien status and ethnicity appeared to influence the sentence given); United States v. Edwardo-Franco, 885 F.2d 1002, 1005 (2d Cir.1989) (conviction reversed where appearance of judicial bias based upon race and nationality).

*Failure to State a Claim*

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is essentially "a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). The threshold element of an equal protection claim is disparate treatment and any purposeful discrimination claim must follow the burden

4

shifting rules used under Title VII of the Civil Rights Act of 1964. Batson, 476 U.S. at 94 n. 18 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981); U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711 (1983)). Thus, the alleged victim of discrimination must first make out a *prima facie* case of discrimination. Id; Batson, 476 U.S. at 93-94.

A careful reading of the facts alleged in the petition defeats Mr. Tse's claim at the first stage. Petitioner does not suggest any inference of purposeful discrimination arising from his status in a protected class. Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir.1990) ("to state a claim under the Equal Protection Clause, . . . plaintiff must allege [defendant] intentionally discriminated against the plaintiff because of membership in a protected class") (citation omitted). Although Mr. Tse states that his co-defendant, Wai Dai Cheung, was permitted to transfer to a Canadian prison under the Convention on Transfer, he does not allege that Mr. Cheung's race or national origin are different from his national origin or race. In fact, there is no allegation that the race or national origin of any other prisoner whom he claims was permitted a transfer to Canada, fell outside of the protected class to which he belongs. Without an allegation that, 'but for' his race or national origin, respondent would have granted his application for transfer, Mr. Tse has failed to state a claim under the Equal Protection Clause.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  s/John R. Adams 10/7/04
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE